68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dewey F. TOTTY, Jr., Plaintiff-Appellant,
v.
F. Robert EDWARD, as an individual and as the Director of
the Michigan Employment Security Commission; George G.
Mattish, as an individual and as Director of the Michigan
Employment Security Commission Office of Referee Appeals;
William J. Farmer, as an individual and as a Referee for the
Michigan Employment Security Commission Office of Referee
Appeals; John F. Butkovich, as an individual and as the
Branch Manager of Service Branch Office # 416 of the
International Business Machines Corporation; M. Jane
Mueller, as an individual and as a Field Manager for the
International Business Machines in Service Branch Office #
416; Ken Hammer, as an individual and as house Counsel for
the International Business Machines Corporation; Mark
Ringes, as an individual and as in house Counsel for
International Business Machines Corporation, Defendants-Appellees.
 No. 95-1068.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 1
 Before: MERRITT, Chief Judge; MOORE, Circuit Judge, and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Dewey F. Totty, Jr., a Michigan resident, appeals pro se the dismissal of his civil rights action. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Totty filed this action against employees of the Michigan Employment Security Commission and IBM, his former employer, alleging that the defendants had deprived him of unemployment benefits without due process. He sought to have the decision denying his claim for benefits vacated and the Michigan Employment Security Act declared unconstitutional. At the time of filing the complaint, Totty had pending an appeal of the decision to deny his claim for benefits. The district court dismissed the complaint on the ground that Totty's state remedies were adequate to redress his claim.
 
 
 4
 Upon review, we conclude that this action was properly dismissed, as Totty could prove no set of facts which would entitle him to the relief requested. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). A cause of action under 42 U.S.C. Sec. 1983 is not available where there exists a remedy that comports with procedural due process. Mansfield Apartment Owners Ass'n v. City of Mansfield, 988 F.2d 1469, 1475-76 (6th Cir.1993).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation